IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NBH BANK, N.A.,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:12-CV-2466-L** |
| | § | |
| **TIMOTHY L. BARTON, JMJ** | § | |
| **DEVELOPMENT, LLC and JMJ** | § | |
| **BILTMORE, LLC,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff/Counter-Defendant's Motion to Dismiss Defendants/Counter-Plaintiffs' Counterclaim and, in the alternative, Motion for More Definite Statement, filed January 23, 2013. Also before the court is Counter-Defendants' Countermotion for Stay, included in Defendants' March 15, 2013 response to the motion to dismiss. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court **grants in part and denies in part** Plaintiff/Counter-Defendant's Motion to Dismiss Defendants/Counter-Plaintiffs' Counterclaim and, in the alternative, Motion for More Definite Statement. Plaintiff's Motion to Dismiss Defendants' estoppel counterclaim is **granted**. Plaintiff's Motion for More Definite Statement is **denied as moot.** The court's ruling as to Defendants' estoppel counterclaim does not affect their affirmative defense based on estoppel. Counter-Defendants' Countermotion for Stay is **denied without prejudice.**

## I.       Procedural and Factual Background

NBH Bank, N.A. ("NBH" or "Plaintiff") brought this action against Defendants Timothy L. Barton ("Barton"), JMJ Development, LLC, and JMJ Biltmore, LLC ("Defendants") on July 20, 2012, seeking to recover on guaranties executed Defendants.  The borrower on the Note and Loan Agreement at issue is a debtor in a bankruptcy proceeding.  NBH alleges that after the borrower defaulted on the Note and Loan Agreement, Defendants became liable under the guaranties for the borrower's payment obligations for the debt, but they have failed to satisfy their obligations under the guaranties. In their Amended Answer, Defendants asserted an affirmative defense and counterclaim based on estoppel.  Defendants allege that NBH made certain representations and promises to Barton in securing funding through modifications to the Note and Loan Agreement and that injustice can only be avoided by enforcing the promise by NBH and dismissing its contract claim. In its motion to dismiss, NBH seeks dismissal of Defendants' estoppel counterclaim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.      Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

**Memorandum Opinion and Order – Page 3**

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

III.    **Analysis**

NBH contends that Defendants' estoppel counterclaim should be dismissed because they are not the proper parties to assert an estoppel counterclaim and that the seventh modification to the Note and Loan Agreement precludes a claim based on promissory estoppel. NBH further asserts that Defendants have not alleged any facts from which the court could reasonably infer that they relied

on the alleged promise or representations by NBH, or that they suffered damages as a result of the alleged promise or representations.

Defendants are not seeking any damages for their estoppel counterclaim but instead seek to avoid liability on NBH's contract claim.  The court therefore concludes that the estoppel counterclaim is actually an affirmative defense.  *See* Fed. R. Civ. P. 8(c) (stating that "a party must affirmatively state any avoidance or affirmative defense" in a responsive pleading).  The court will therefore grant NBH's motion to dismiss Defendants' estoppel counterclaim.  Because NBH only moved to dismiss the counterclaim, the court's determination as to Defendants' estoppel counterclaim does not affect their affirmative defense based on estoppel.  Having determined that Defendants' estoppel counterclaim should be dismissed, the court will deny as moot Plaintiff's Motion for More Definite Statement.

## IV.    Motion to Stay

In its motion to dismiss NBH maintained in its motion to dismiss that the borrower, Nashville Biltmore, LP, is the proper party to bring an estoppel claim or defense rather than Defendants. Defendants therefore contend that the borrower is a necessary party to this action but because the borrower cannot be joined as a result of its status as a debtor in a bankruptcy proceeding, the case should be stayed pending resolution of the bankruptcy. NBH opposed the motion to stay.  Because it does not appear that Defendants have filed a motion in the bankruptcy proceeding seeking to lift in part the automatic bankruptcy stay to join the borrower debtor as a party to this case, the court will deny without prejudice the motion to stay.

V.      **Conclusion**

For the reasons herein stated, the court **grants in part and denies in part** Plaintiff/Counter-Defendant's Motion to Dismiss Defendants/Counter-Plaintiffs' Counterclaim and, in the alternative, Motion for More Definite Statement.    Plaintiff's Motion to Dismiss Defendants' estoppel counterclaim is **granted**.   Plaintiff's Motion for More Definite Statement is **denied as moot.**   The court's ruling as to Defendants' estoppel counterclaim does not affect their affirmative defense based on estoppel.   Counter-Defendants' Countermotion for Stay is **denied without prejudice.**

**It is so ordered** this 5th day of July, 2013.

Sam A. Lindsay
United States District Judge